### DEARING v. PEARSON.

(City Court of New York, General Term. November 27, 1893.)

Appeal—Practice—Settlement of Case.

 Settlement of the case on appeal by the trial judge is conclusive where the facts are disputed. Green v. Shute, (City Ct. N. Y.) 7 N. Y. Supp. 69, followed.

Appeal from special term.

Argued before VAN WYCK, McCARTHY, and NEWBURGER, JJ.

---

### DEARING v. PEARSON.

(City Court of New York, General Term. November 27, 1893.)

Appeal—Review.

 In an action by an employe for wrongful discharge, a judgment on a verdict for plaintiff will not be disturbed where defendant admitted the employment, and denied that the discharge was wrongful, and the questions so raised were properly submitted to the jury on conflicting evidence.

Appeal from trial term.

Action by Nina H. Dearing against Aylma Y. Pearson. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before VAN WYCK, McCARTHY, and NEWBURGER, JJ.

Smith, Bowman & Close, for appellant.
David Leventritt, for respondent.

NEWBURGER, J. This action is brought to recover damages for a wrongful discharge. The plaintiff, an actress, claims that she was employed by the defendant for a theatrical season of 32 weeks; that she performed for a period of five weeks, and defendant then, without cause, discharged her. Defendant admits the employment of plaintiff, but denies that such employment was for 32 weeks, and that he discharged her for incompetency. There was a conflict of evidence as to whether or not the contract was for 32 weeks or not, and as to the custom in the theatrical profession by which the manager gives what is termed "two weeks' notice" of his desire to terminate a contract. All these questions were properly submitted to the jury by the trial justice, and no errors are disclosed in the appeal book. The judgment must therefore be affirmed, with costs. All concur.